IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHANEL TARRANT, | § | |
| | § | |
| Plaintiff Below-Appellant, | § | No. 119, 2017 |
| | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| LAWRENCE RAMUNNO, | § | C.A. No. N16A-06-007 |
| | § | |
| Defendant Below-Appellee. | § | |
| | § | |

Submitted: July 28, 2017
Decided: August 29, 2017

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 29th day of August 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The plaintiff-appellant, Chanel Tarrant, filed this appeal from the Superior Court's order, dated February 16, 2017, which affirmed the Court of Common Pleas' dismissal of her complaint for failure to state a claim of legal malpractice. We find no merit to Tarrant's appeal. Accordingly, we affirm the Superior Court's judgment.

(2) The record reflects that Tarrant filed her complaint in the Court of Common Pleas on April 6, 2016, alleging legal malpractice against her former attorney, Lawrence Ramunno. Ramunno had represented Tarrant in a

personal injury action that was settled on April 7, 2014. Tarrant asserted in her malpractice complaint that Ramunno failed to clearly explain the settlement documents that she signed in 2014 and that she had been promised compensation of $20,000. Tarrant attached numerous documents to her complaint, including the settlement agreement and general release she signed, which dismissed her personal injury claim in exchange for $1750, as well as a June 19, 2014 letter from the Office of Disciplinary Counsel dismissing an ethics complaint that she had file against Ramunno alleging the same misconduct.

(3) Ramunno filed a motion to dismiss or, alternatively, for summary judgment. The Court of Common Pleas held a hearing on the motion. After hearing argument from both parties, the trial court dismissed Tarrant's complaint because it failed to assert that Ramunno had neglected his professional obligations. The trial court found that Tarrant had simply had a change of heart about the amount for which she agreed to settle her case. On appeal, the Superior Court found no legal error and affirmed the Court of Common Pleas' decision.

(4) In reviewing an appellate decision of the Superior Court, we apply the same standard of review.[1] We must determine whether the Court of

---

[1] *Hicklin v. Onyx Acceptance Corp.*, 970 A.2d 244, 248 (Del. 2009).

Common Pleas committed any legal error and whether the trial court's factual findings are sufficiently supported by the record and are the product of an orderly and logical reasoning process.[2]

(5)     To state a claim for legal malpractice, a plaintiff must allege and prove the following elements: (a) the employment of a lawyer, (b) the lawyer's neglect of a professional obligation, and (c) resulting loss.[3]  To prove a resulting loss, the plaintiff must show that the underlying lawsuit would have been successful but for the lawyer's negligence.[4]  Expert testimony is required to substantiate a claim of legal malpractice.[5]

(6)     Even if we accept Tarrant's allegation that Ramunno failed in his duties to her by failing to adequately explain the terms of the settlement documents that she signed, her complaint failed to allege any resulting loss. In her opening brief in the Superior Court, Tarrant contends that her 2011 accident, with its resulting lawsuit, "has no bearing" on her malpractice claim against Ramunno.  She is wrong.  Without any allegation that her underlying personal injury claim would have been successful but for Ramunno's alleged negligence in failing to explain the terms of the settlement, Tarrant's

---

[2] *Id.*
[3] *Tsipouras v. Szambelak*, 2012 WL 5532013, *2 (Del. Nov. 14, 2012)
[4] *Id.*
[5] *Id.*

3

complaint failed to state a claim for legal malpractice. We find no legal error in the Court of Common Pleas' dismissal of her complaint.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

4